This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41268**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MONTY PORTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant appeals his convictions for battery on a household member, criminal damage to the property of a household member, and interference with communications. [DS 2] In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant agrees with our proposed disposition that there was sufficient evidence to support his convictions. [MIO 2]

However, Defendant's memorandum in opposition asserts that he "has concerns about possible error in this case, but lacks a sufficient record on the summary calendar to confirm or dispel those concerns." [MIO 1] The concern stems from an incident at trial where Defendant's wife, the victim in this case, "was apparently speaking to other people in the gallery or hallway about the trial." [MIO 3] This apparently occurred after she testified, but when she was still subject to recall. [Id.] Defendant asserts that the district court held a hearing about the incident and informed the victim that she could be held in contempt. [MIO 2] Defendant requests that this case be placed on the general calendar in order for his appellate counsel to review the entire record to determine if any error occurred below, although he acknowledges that he "does not currently have the factual basis to raise any particular claim of error about it." [MIO 3]

{3}     Defendant relies on this Court's holding in *State v. Ibarra*, 1993-NMCA-040, 116 N.M. 486, 864 P.2d 302, and asserts that his trial counsel "did not remember any objections from the trial." [MIO 2] However, *Ibarra* held that "when counsel alleges a legitimate inability to recall and to reconstruct the events through available non-transcript alternatives, this Court will frequently allow time and access to a recording or transcript, *provided that the allegations relate to issues raised or raisable without sifting through the transcript to search for unidentified error*." *Id.* ¶ 6 (emphasis added).

{4}     Defendant does not identify what the perceived error may have been, only raising a generalized concern, and instead proposes reassignment to the general calendar in order to review transcripts in search of unspecified potential error that may or may not have occurred. *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 (providing that "the appellate rules do not allow appellate counsel to pick through the record for possible error"). "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Asserting a generalized concern and that error may have occurred is insufficient to satisfy this burden.

{5}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

{6}     **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**